# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARRED CRAIG SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7215** |
| **JEFFERSON PARISH CORRECTIONAL CENTER JAIL, ET AL.** | **SECTION: "B"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jarred Craig Simmons, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.[1] He sued the Jefferson Parish Correctional Center, Chief Sue Ellen Monfra, and Captain P. Walls. In his complaint, plaintiff states his claim as follows without any alterations to spelling or grammar:

> The A/C was broken for weeks without any cool air it gets hot in the pod what makes the floor and walls to sweat causeing heath risk to increase I Jarred C. Simmons was walk towards cell #12 to fix an shot of coffee when I slip in what I believe was an wet spot on the floor causeing me to twist and break my anlke other inmate was there the time of the inident Clayton Wilson 53405310, Steven Tate 100057246 and Brandon Ellis.
> Cpt. Walls was notify of incident by grievance no action was taken. Requesting for administrative to be review Chief Sue Ellen Monfra did not follow proper procesdure of incident.

As relief, he seeks $2,700,000.[2]

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.
[2] Rec. Doc. 1, pp. 5-6.

With respect to actions filed *in forma pauperis*, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned recommends that the complaint be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted for the following reasons.

To the extent that plaintiff is asserting a claim based on the fact that he fell after slipping on the wet floor, that claim is not actionable under federal law. Accidental falls, while unfortunate, simply do not rise to the level of federal constitutional violations. See, e.g., Coleman v. Sweetin,

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

745 F.3d 756, 764 (5th Cir. 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law. We agree with this conclusion. ... Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from slip and fall accidents."); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (holding that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983"); see also Atkins v. Sheriff's Jail Avoyelle's Parish, 278 Fed. App'x 438, 439 (5th Cir. 2008); McLaughlin v. Farries, 122 Fed. App'x 692, 693 (5th Cir. 2004); Beasley v. Anderson, No. 02-11114, 2003 WL 21108537 (5th Cir. Apr. 22, 2003); Benton v. Grant, No. 01-60272, 2001 WL 1751477 (5th Cir. Dec. 27, 2001); Green v. Inservco Insurance Services, Inc., Civ. Action No. 10-1469, 2010 WL 3943727, at *3 (D.N.J. Oct. 6, 2010) ("Whether analyzed under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, [an inmate's] claims regarding slippery floors amount to nothing more than allegations of negligence, or possibly gross negligence, which fail to state a claim for a constitutional deprivation."). As the United States Supreme Court has explained: "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.*" Baker v. McCollan, 443 U.S. 137, 146 (1979) (emphasis added).

Lastly, to the extent that plaintiff is complaining that the defendants failed to respond appropriately to his administrative grievance, that allegation, even if true, did not violate his federal constitutional rights. Simply put: inmates do not have a constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their

satisfaction. <u>Bonneville v. Basse</u>, 536 Fed. App'x 502, 503 (5th Cir. 2013); <u>Propes v. Mays</u>, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); <u>Geiger v. Jowers</u>, 404 F.3d 371, 373-74 (5th Cir. 2005).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of September, 2018.

                                                *Janis Van Meerveld*
                                        **JANIS VAN MEERVELD**
                                        **UNITED STATES MAGISTRATE JUDGE**